RODICK v. MARTIN

(March 24, 1930. Opinion and Decree.)

F. Rivers Richardson, of New Orleans, attorney for plaintiff and appellant, appellee.

Felix W. Gaudin and Milton R. DeReyna and Edna K. Gaudet, of New Orleans, attorneys for defendant and appellant, appellee.

HIGGINS, J. Plaintiff filed this proceeding to have the defendant's lien for material and certain plumbing work canceled. Defendant denied that plaintiff was entitled to such relief and in reconvention claims the sum of $169.49 as the balance due, and asks for recognition of his lien.

On the main demand there was judgment in favor of the plaintiff canceling and erasing the lien, and on the reconventional demand judgment was rendered in favor of defendant and plaintiff in reconvention. From this judgment only the plaintiff on the main demand appealed. Defendant and plaintiff in reconvention has not answered the appeal.

The evidence shows that the plaintiff and the defendant entered into a written contract on October 26, 1927, under which defendant undertook to furnish the material and install certain plumbing work in four buildings to be erected by plaintiff for the sum of $1,540.00 "payments to be made on a basis agreed."

It was verbally agreed that 60 per cent of the total contract price would be paid as soon as all the work would be "roughed in" and the balance when the work was

completed. After the defendant had the work "roughed in" plaintiff was unable to pay him. It was then verbally agreed and confirmed by a letter on March 24, 1928, that, in consideration of the defendant completing the work on one of the houses, plaintiff would pay the defendant the sum of $600 from the sale of the house. It was also stated in the letter of March 24, 1928: "I further agree to pay the balance due as soon as the homestead loan has been made on the other three bungalows."

Defendant testified that there were certain other liens filed against the building, and in order to protect his interest he filed a lien against the property. In the affidavit in which defendant claimed the lien, defendant swore that "all the work having been completed in full he desires to file this lien and privilege against the above described properties for the sum of $1,540.00, all as per contract which has been recorded in the Mortgage Office in the Parish of Orleans on February 10th, 1928, M. O. B. 1378, Folio 191." The affidavit is dated June 14, 1928, and recorded July 16, 1928.

On August 2, 1928, it appears that a homestead loan was effected, and the plaintiff paid defendant the sum of $616, $600 as per the letter of March 24th, and $16 for material which was stolen from the property. Thereafter defendant did not do anything further to complete the work in the other three buildings. On September 1, 1928, the plaintiff, through his attorney, placed the defendant in default and had the work completed at a cost of $193 more than the original contract price.

The only two witnesses who testified in the case were the plaintiff and the defendant. Defendant admitted that the work had never been completed in the other three buildings, but says the plaintiff is to blame because he did not pay him according to their agreement and that he was afraid to complete the work for fear of losing his money. He testified that the balance due him was $169.49. The plaintiff also testified that the work was uncompleted, and, after formally placing the defendant in default, he had the plumbing work completed in the other three buildings at an additional cost of $193 over and above the original contract price. Plaintiff denied that he owed the defendant the balance of $169.49, and contends that the sum of $616 was payment in full for the work which the defendant had performed, and itemized the amounts as follows: $385 for the house which was completed, and the balance for the work which was "roughed in" on the other buildings.

There is nothing in the original contract which would indicate when the payments were to be made. We therefore only have the testimony of the plaintiff and defendant as to the maturities of these payments, which they say was verbally agreed upon. The evidence satisfied us that the plaintiff was slow in paying, but on March 24, 1928, when the plaintiff agreed in writing to pay the sum of $600, and on August 2, 1928, did pay this sum, that the defendant agreed to complete the other buildings. At that time his claim was well secured by a lien and privilege, not only upon the buildings, but also upon the real estate. Act 298 of 1926. He had already

collected the sum of $600 on account of his contract of $1,540, and therefore any apprehension he may have had that he was not going to be paid was not justified, but, even if justified, would not be a defense.

In the letter of September 1, 1928, by which the defendant was placed in default, he was granted a reasonable and fair opportunity to comply with his contract, but failed to do so. Plaintiff's evidence that he spent the additional sum of $193 over the original contract price is not rebutted by the defendant. From a careful reading of the record, it appears to us that the defendant and plaintiff in reconvention who had the burden of proving his case by a preponderance of the evidence did not successfully do so.

But, conceding arguendo that his claim was established, the evidence likewise shows that the plaintiff suffered a loss or damage in the sum of $193 because of the defendant's failure to comply with the written contract. As the claim of the plaintiff is in excess of the claim of defendant and plaintiff in reconvention, the obligation would be mutually extinguished to the amount of the lesser, and therefore the plaintiff would not be indebted to the defendant.

We are therefore of the opinion that the judgment of the district court should be amended by dismissing the claim in reconvention.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by dismissing the claim of defendant and plaintiff in reconvention, and, as thus amended, it is affirmed.